UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sepia Vonnetta Blackstock, | ) | C/A No. 4:17-cv-02055-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Pee Dee Mental Health, | ) | |
| Defendant. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Sepia Vonnetta Blackstock ("Plaintiff") alleges that Defendant Pee Dee Mental Health violated her rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996), by refusing to provide her with a copy of her medical records when she asked for them. Compl. 5, ECF No. 1. Plaintiff also states that this is a violation of "the Privacy Rule" and "Title 44-Chapter 115 Physician's Patient Records Act."[1] *Id*. Plaintiff alleges that the lack of records has hindered her ability to recover from her illness. ECF No. 1-2. Plaintiff also asserts that she was received inadequate and improper mental health care from Defendant Pee Dee Mental Health. ECF No. 1-3. She alleges that the improper treatment caused her condition to "worsen . . . needlessly." *Id*. at 4. She asks for compensatory and punitive damages. *Id.*

---

[1] S.C. Code Ann. § 44-115-10 through -160. Under § 44-115-30, a patient is entitled to receive a copy of the patient's medical records upon written request.

II.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III. Discussion

It is settled that initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including [*Bell Atlantic Corp. v.*] *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed where insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Twombly*, 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action

3

will not do." *Twombly,* 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim she seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same).

Plaintiff's Complaint allegations do not establish a plausible claim under HIPPA because HIPPA does not provide a private right of action for any citizen. *See Acars v. Banks,* 470 F.3d 569, 571-72 (5th Cir. 2006); *see also Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007) (noting that HIPAA provides for no private right of action); *Werdehausen v. Benicorp Ins. Co.*, 487 F.3d 660, 668 (8th Cir. 2007) (no private right of action); *Agee v. U. S. A.*, 72 Fed. Cl. 284 (Fed. Ct. Cl. 2006) (holding that HIPAA does not provide for a private cause of action and citing cases). As a result, Plaintiff may not sue Defendant under HIPPA for not providing her medical reports when requested.

Furthermore, Plaintiff may not sue Defendant under the Privacy Act, 5 U.S.C. §§ 552-59, which Plaintiff calls "the Privacy Rule," because the enforcement provision of that Act applies only to federal agencies. 5 U.S.C. § 551a(g)(1); *see Dittman v. California,* 191 F.3d 1020, 1026 (9th Cir. 1999); *Polchowski v. Gorris,* 714 F.2d 749, 752 (7th Cir. 1983); *Wren v. Harris,* 675 F.2d 1144, 1148 n.8 (10th Cir. 1982). Plaintiff does not allege that Defendant is a federal agency; therefore, no plausible claim arises under the Privacy Act for any failure to provide requested

4

medical records. While there is some question over whether a plaintiff may bring a claim under 42 U.S.C. § 1983 for violations of section 7 of the Privacy Act, *compare Schwier v. Cox*, 340 F.3d 1284, 1289-90 (11th Cir. 2003) (§ 1983 claim available for claims against state agencies under section 7 of the Privacy Act), *with Schmitt v. City of Detriot*, 395 F.3d 327, 331 (6th Cir. 2005) (Privacy Act claims only available against federal agencies), that section of the Act addresses only the use/disclosure of Social Security numbers and is not applicable to this case.[2]

Finally, to the extent that Plaintiff relies on the South Carolina Physicians' Patient Records Act, she fails to state a plausible claim within this court's subject-matter jurisdiction because that Act is a group of state statutes, not federal ones, and those statutes do not explicitly provide for a private right of action for violation of the Act. The only South Carolina case to cite to the Act since its enactment did not hold that a private right of action was available. *See McCormick v. England*, 494 S.E.2d 431, 434 (S.C. Ct. App. 1997) (finding a common law tort of breach of a physician's duty of confidentiality and not finding a statutory cause of action under the Physicians' Patient Records Act).

---

[2] Section 7 of the Privacy Act (included as a note under the section) reads:

> (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
>
> (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
>
> (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it."

5 U.S.C.A. § 552a, note.

To the extent that Plaintiff seeks to pursue a medical malpractice claim against Defendant, her Complaint fails to state a claim covered by this court's subject-matter jurisdiction because such a claim is a state-law based claim, *see, e.g., Hardee v. Bio-Medical Apps. of S.C., Inc.*, 636 S.E.2d 629 (S.C. 2006); *David v. McLeod Reg'l Med. Ctr.*, 626 S.E. 2d 1 (S.C. 2006), and both Plaintiff and Defendant are South Carolina residents. As a result, there is no basis on which this court may exercise its diversity jurisdiction to consider a state-law based claim.[3] The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when she filed her Complaint, Plaintiff and Defendant are both residents of South

---

[3] As a general rule, except in very limited circumstances not applicable here, malpractice claims may not be pursued under this court's federal-question jurisdiction. Negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 75-76 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Further, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

Carolina.[4] Additionally, Plaintiff's allegations with a request for relief in the amount of $25,000.00 do not suffice to meet the $75,000 jurisdictional amount-in-controversy requirement in diversity cases. No diversity jurisdiction is evident on the face of the Complaint; therefore, no basis for consideration of a medical malpractice claim is shown.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

August 31, 2017                                                                                    Kaymani D. West
Florence, South Carolina                                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] Even though Defendant appears to be a corporate or business entity and not a human being, it is still a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F. Supp. 667, 669 (D. S.C. 1964).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).