UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sepia Vonnetta Blackstock, | Civil Action No.: 4:17-cv-02055-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Pee Dee Mental Health, | |
| Defendant. | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 9 & 12. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint without prejudice. R & R at p. 7.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### **Discussion**[2]

In her complaint and related filings, Plaintiff alleges Defendant refused to provide her with a copy of her medical records when she asked for them, thereby violating the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),[3] the Privacy Act of 1974,[4] and the South Carolina Physicians' Patient Records Act.[5] *See* ECF Nos. 1, 1-2, & 1-3. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) she cannot sue Defendant under these laws and (2) there is no diversity jurisdiction. *See* R & R at pp. 4–7.

Although Plaintiff has filed objections to the R & R, *see* ECF No. 12, she fails to specifically object to the Magistrate Judge's proposed findings and recommendations summarized above.[6] Thus, the Court has reviewed the R & R for clear error and found none, and will therefore adopt it. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. *See also McCray v. Columbia Care Ctr.*, No.

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Pub. L. No. 104–191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26, and 42 of the United States Code).

[4] 5 U.S.C. § 552a.

[5] S.C. Code Ann. §§ 44–115–10 through –160 (2018).

[6] Instead, Plaintiff has provided "additional factual content" supplementing the allegations in her original complaint. *See* ECF No. 12. Even with these new factual allegations, the complaint would still fail to set forth a claim currently cognizable in this federal Court.

CA 3:09-1872-RBH, 2009 WL 3839467 (D.S.C. Nov. 16, 2009) (summarily dismissing a similar action where the plaintiff claimed the defendant did not provide him a copy of his medical records); *Krug v. Stonerock*, No. CA 4:11-3297-CMC-JRM, 2011 WL 6982226 (D.S.C. Dec. 19, 2011), *adopted by*, 2012 WL 88084 (D.S.C. Jan. 11, 2012) (same).

### Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts and incorporates by reference the R & R [ECF No. 9], and **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.[7]

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
October 23, 2017　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7] As indicated in Footnote 6 above, Plaintiff argues in her objections that "additional factual content" supports her claims that a lack of medical records hindered her ability to recover from an illness and that she received improper medical care. However, as explained by the Magistrate Judge, Plaintiff has no private cause of action under federal law for this alleged conduct; and there is no diversity of citizenship for federal jurisdiction. In the Court's view, Plaintiff cannot cure the defects in her complaint by amending it. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend her complaint.